A. W. SHAW, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15612.  Promulgated October 2, 1928.

P. H. Lowrey, Esq., for the petitioner.
Brice Toole, Esq., for the respondent.

OPINION.

LITTLETON: Petitioner's first contention is that the transaction of December, 1920, whereby he' reacquired from Sively and associates the plantation and money claims which he sold to Shelton in February of the same year, amounted, in effect, merely to a rescission of the sale to Shelton, thereby leaving him to account for as gain from the sale to Shelton only so much of the selling price as he actually received in cash in the year 1920. We are unable to agree with the petitioner in this respect.

The sale to Shelton on February 4, 1920, of the plantation, personal property and money claims constituted a completed transaction, as is evidenced by the warranty deed of the same date executed by petitioner and his wife, whereby the property in question was, without qualification or restriction, conveyed, transferred and assigned to Shelton for the consideration named therein, to wit: a part cash payment, the assumption by Shelton of certain of petitioner's indebtedness, and the deferred purchase money notes. Petitioner's evidence shows that the notes of Shelton were worth 75 per cent of their face value. The contract to sell the property in question entered into between petitioner and Shelton was, therefore, fully executed. Likewise, the conveyance, transfer and assignment of the property by Shelton to Sively and associates, was a completed and unqualified sale thereof.

In December, 1920, after some negotiations relative thereto, Sively and associates conveyed and assigned the plantation and money claims to petitioner for a consideration of $1,500, evidenced by a note secured upon the land, the assumption of the unliquidated indebtedness theretofore assumed by Shelton and themselves, the assumption of the accrued taxes, and the cancellation of the purchase money notes. It is obvious that in this transaction the subject matter thereof was not the same as was involved in the sale of February 4, 1920, and, that the consideration was not limited to the obligations of Sively and associates but, on the contrary, included a payment by petitioner which was entirely foreign to the original sale. The parties were not placed in *statu quo ante* and apparently no attempt was made so to place them. We are of the opinion, therefore, that the reacquisition by the petitioner of the same property, except the personalty, under the circumstances just described, constituted a purchase of the property conveyed and assigned by Sively and associates was not a rescission of the original sale and had no

more effect upon the gain or loss realized or sustained upon the original sale to Shelton than if petitioner had purchased other property from Sively and associates. Accordingly, it becomes necessary to determine the gain resulting from the sale of the property to Shelton on February 4, 1920.

The evidence shows that petitioner received in the year 1920, $15,200 in cash, Shelton's notes of the face value of $46,063.55, and that Shelton assumed certain indebtedness of petitioner in the amount of $14,736.44. Also, it is shown that $4,000 in cash was paid sometime in 1919 to be applied on the purchase price of the property sold. Thus, the total consideration for the property amounted, on its face, to $79,999.99.

It appears that in determining the gain resulting from the sale of the property in question the Commissioner included in the sales price the purchase money notes at their face value of $46,063.55, and also the indebtedness assumed by Shelton in the amount of $14,736.44. There is nothing in the record to indicate that either Shelton or Sively, and associates, were unable to pay the purchase money notes or to satisfy the indebtedness which they had assumed. The fair market value of Shelton's promissory notes of $46,063.55 at the time received by petitioner was 75 per cent of face value. With this modification the Commissioner's determination of the gain derived from the sale to Shelton is approved.

As to the second issue, the evidence is conclusive that the petitioner sustained a loss in the amount of $6,600, which he forfeited through his failure to make the second payment on his contract to purchase a farm in Arkansas on or before January 10, 1921. This loss was not definitely sustained, however, until January of 1921. The contract, dated February 12, 1920, relating to the proposed purchase of the Arkansas property, specifically provides for forfeiture of the first payment of $6,600 only upon failure to make the second payment on or before January 10, 1921. The acknowledgment of forfeiture was made January 21, 1921. We can not speculate as of December 31, 1920, as to the petitioner's prospects or how the situation might work out. The loss, though imminent, was contingent December 31, 1920, and was not actually sustained until January, 1921.

There is no evidence of record to establish the loss of $430 which the petitioner alleges he sustained in addition to the amount of $6,600, which he forfeited in connection with his purchase of a plantation in Arkansas. As to these losses the action of the Commissioner is sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*